UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

RASHED AMIR AHMAD ABUHIJLEH,

Petitioner,

v.

JAIME RIOS, et al.,

Respondents.

Case No. 5:26-cv-04592-DTB

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

## I.

## PROCEEDINGS

On August 13, 2026, petitioner Rashed Amir Ahmad Abuhijleh ("Petitioner"), represented by counsel, filed a "Petition for Writ of Habeas Corpus and Complaint" ("Petition") (Docket No. 1), accompanied by supporting exhibits (Docket No. 1-1).[1]

On August 20, 2026 (pursuant to General Order 26-05's expedited briefing schedule, see Docket No. 5), Respondent filed an Answer to the Petition ("Answer") (Docket No. 8), accompanied by exhibits (Docket Nos. 8-1 and 8-2). In the Answer,

[1] For the parties' pleadings, the Court cites to the CM/ECF pagination at the top of each page.

Respondents acknowledge that Petitioner appears to be entitled to an initial bond hearing pursuant to Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026) ("Rodriguez Vazquez"). (Docket No. 8 at 2-3 ["Petitioner appears to be entitled to request and receive an initial bond hearing pursuant to *Rodriguez Vazquez v. Bostock*, [183 F.4th 1160] (9th Cir. 2026)[.]"]). In the Answer, Respondents also state that: "[T]o the extent a bond hearing is nonetheless affirmatively ordered here, it should be consistent with what Courts in this District have generally ordered in similar cases prior to the *Bostock* ruling, which is to require an 8 U.S.C. § 1226(a) hearing to be provided in seven days. Should the Court enter relief in that regard, judgment may be entered immediately, and consistent with the 'expeditious resolution' of § 2241 Immigration Petitions required by the General Order, no more filings or proceedings will then be necessary in this matter." (Id. at 3).

Petitioner did not file a Reply.

Thus, this matter is now ready for decision. For the reasons set forth below, the Court finds that habeas relief is warranted, and therefore grants the Petition.

## II.

## BACKGROUND[2]

Petitioner is a native and citizen of Jordan. (Petition at ¶ 20). On September 28, 2021, Petitioner was inspected and admitted into the United States on a J-1 nonimmigrant exchange visitor visa, sponsored by International Educational Exchange, Inc. (Id.; see Docket No. 1-1 at 2). On September 28, 2022, Petitioner's J-1 program ended, and his authorized period of stay expired. (Petition at ¶ 21). Before that date, Petitioner's prospective employer, Higley Brothers Inc., timely filed a Form I-129, Petition for a Nonimmigrant Worker, seeking to change Petitioner's status to E-2 Treaty Investor. (Id.). On January 18, 2023, U.S.

[2] The Background is drawn primarily from the Petition.

Citizenship and Immigration Services issued a Notice of Intent to Deny the I-129 petition. (Id. at ¶ 22). Petitioner's counsel timely responded on February 21, 2023, submitting additional evidence regarding the source of Petitioner's investment funds and his maintenance of nonimmigrant status. (Id.). The I-129 petition did not result in Petitioner being granted a change of status. (Id.).

Petitioner remained in the United States following the adjudication of the I-129 petition. (Id. at ¶ 23). Petitioner has no arrests, no convictions, and no criminal history. (Id.). At no time did the Department of Homeland Security ("DHS") allege that Petitioner posed a danger to the community or a risk of flight. (Id.).

On August 3, 2026, nearly five years after Petitioner's lawful admission, Immigration and Customs Enforcement ("ICE") arrested Petitioner and placed him in ICE detention. (Id. at ¶ 24). On that date, DHS issued Petitioner a Notice to Appear, charging Petitioner with removability under Immigration and Nationality Act ("INA") § 237(a)(1)(B), in that after admission as a nonimmigrant under INA § 101(a)(15), he has remained in the United States for a time longer than permitted. (Docket No. 8-2 at 1-3).

Petitioner is not subject to mandatory detention under INA § 236(c) because he has no criminal history and was not transferred from criminal custody, and he is not subject to mandatory detention under INA § 235 because he was inspected and admitted into the United States. (Id. at ¶ 24). ICE did not identify any material change in circumstances that could justify Petitioner's detention. (Id. at ¶ 25). DHS did not allege that Petitioner had violated any condition of release, committed any crime, failed to appear, or otherwise engaged in conduct warranting arrest. (Id.). DHS has never found, and does not contend, that Petitioner poses a danger to the community or a risk of flight. (Id. at ¶ 26). Petitioner has no criminal history and has demonstrated his willingness to appear for all proceedings and to comply with any conditions of release. (Id.).

Petitioner is being detained at the Desert View Annex in Adelanto, California. (Id.; see https://locator.ice.gov/odls/#/results).

## III.

## PETITIONER'S CLAIMS

The Petition alleges the following claims for habeas relief: (1) Petitioner's detention violates his right to substantive due process under the Fifth Amendment; (2) Petitioner's detention violates his right to procedural due process under the Fifth Amendment; (3) Petitioner's detention is unlawful and in excess of statutory authority in violation of INA § 235 or § 236; and (4) Petitioner is entitled to immediate release, or in the alternative, a prompt individualized custody hearing. (Docket No. 1 at 13-15). The Petition seeks, among other things, Petitioner's immediate release from custody or, in the alternative, a prompt individualized custody hearing. (Id. at 15-16).

## IV.

## LEGAL AUTHORITY

A writ of habeas corpus is "available to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A noncitizen in the custody of immigration authorities may bring a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the grounds of their detention violates the Constitution or other federal

laws. 28 U.S.C. § 2241(c)(3); Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001) (federal courts retain jurisdiction to consider habeas relief under Section 2241 for noncitizens subject to detention following an order of removal).

## V.

## DISCUSSION

### A. Habeas Relief is Warranted in the Form of a Bond Hearing.

The parties agree that Petitioner is subject to detention pursuant to 8 U.S.C. § 1226(a). (See Petition at 4; Answer at 2). Section 1226(a),the "default detention statute for noncitizens in removal proceedings," Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023), provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed to the United States." 8 U.S.C. § 1226(a).

As noted, Respondents assert that Petitioner appears to be entitled to receive an initial bond hearing pursuant to Rodriguez Vasquez. (Answer at 2-3).[3] The Court in Rodriguez Vasquez confirmed, *inter alia*, that the detention of noncitizens pursuant to Section 1226(a) (such as Petitioner) is discretionary, allowing for their release on bond pending removal proceedings. Rodriguez Vasquez,183 F.4th at 1167. As such, on this record, the Court finds that Petitioner's continued detention without a bond hearing violates 8 U.S.C. § 1226(a) and Petitioner's right to due process.

/ / /

/ / /

---

[3] To the extent that Respondents contend that Petitioner has failed to exhaust his administrative remedies (see Answer at 3), the Court rejects Respondents' contention. See Nola v. Department of Homeland Security, Case No. 5:26-cv-02180-MBK, 2026 WL 1330294, at *4-6 (C.D. Cal. May 13, 2026); Mosqueda v. Noem, Case No. 5:25-cv-02304-CAS (BFM), 2025 WL 2591530, at *6-7 (C.D. Cal. Sept. 8, 2025); Bautista v. Santacruz, Case No. 5:25-cv-01873-SSS-BFM, 2025 2670875, at *6-8 (C.D. Cal. July 28, 2025).

Therefore, the Petition is granted and Respondents are ordered to provide Petitioner with an individualized bond hearing before an immigration judge consistent with all applicable statutory requirements and agency regulations, pursuant to 8 U.S.C § 1226(a).[4]

**VI.**

**ORDER**

IT THEREFORE IS ORDERED that Judgment be entered: (1) Granting the Petition; (2) ordering Respondents to provide Petitioner Rashed Amir Ahmad Abuhijleh (A# 220-487-501) with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a), as well as 8 C.F.R. §§ 1003.19 and 1236.1[5] within seven (7) days of the date of this Order; (3) ordering Respondents to provide the immigration judge conducting the bond hearing with a copy of this Order; (4) ordering Respondents to release Petitioner from custody within eight (8) days following the date of this Order if Petitioner has not been provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a); and (5) ordering Respondents to file a status report within two (2) business days of the date of Petitioner's bond hearing or the date of Petitioner's release, attesting to Respondents' compliance with this Order.

DATED: September 9, 2026

DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

[4] The Court's determination that Petitioner is entitled to habeas relief on the first claim alleged in the Petition renders it unnecessary for the Court to address the other claims alleged in the Petition.

[5] The immigration judge must exercise his or her discretion to make a determination about whether to release Petitioner on bond based on relevant factors, including, but not limited to, criminal history, immigration history, manner of entry, whether fixed residence, length of residence, family ties, employment history, and compliance with prior orders. See Matter of Guerra, 241 I. & N. Dec. 37, 40 (BIA 2006). In addition, the immigration judge must provide the reasons for the decision orally or in writing. See 8 C.F.R. § 1003.19(f).